UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-23184-Gayles/Otazo-Reyes

L.A., a minor, by and through his mother,
natural Guardian and next friend, T.A.,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant ROYAL CARIBBEAN CRUISES, LTD.'s ("Defendant") Motion to Dismiss Plaintiff's Complaint (the "Motion") [ECF No. 10]. The Court has carefully reviewed the Motion, the record, and the applicable law. For the reasons discussed below, the Motion is denied.

**I.    BACKGROUND[1]**

On August 22, 2017, Plaintiff L.A. ("Plaintiff"), a minor, by and through his mother, natural Guardian and next friend, T.A., filed his Complaint against Defendant setting forth one count for negligence, and one count for intentional infliction of emotional distress ("IIED"). Plaintiff demands both actual and punitive damages under both counts.

This action arises out of the sexual assault, battery, and abuse of Plaintiff while traveling as a passenger aboard Defendant's cruise ship. [ECF No. 1 ¶ 1]. Plaintiff, age thirteen at the time, was joined on the cruise by his mother and brother. [*Id.* at ¶¶ 11, 30]. In the early morning hours of August 16, 2015, Plaintiff was with other young passengers in the library on the cruise ship. [*Id.* at

---

[1]  The Court must accept Plaintiff's allegations, set forth below, as true for purposes of this motion to dismiss. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

1

¶ 30]. Plaintiff alleges that at approximately 2:00 AM, two visibly intoxicated adult passengers entered the ship's library and sexually assaulted and battered Plaintiff. [*Id.* at ¶ 31]. Plaintiff contends the adult assailants were overserved alcohol by Defendant. [*Id.*]. Plaintiff alleges that security cameras installed by Defendant captured the majority of the attack, but no employee came to his aid because the cameras were not being monitored. [*Id.* at ¶ 32]. Alternatively, Plaintiff alleges that Defendant's employees were monitoring the cameras and saw the assault, but did nothing to assist him. [*Id.* at ¶ 33]. Plaintiff argues that as a direct result of Defendant's failure to exercise reasonable care for his safety, he sustained serious physical and emotional injuries. [*Id.* at ¶ 43].

Plaintiff's IIED claim arises from Defendant's conduct following the alleged assault. Specifically, Plaintiff alleges that Defendant "put [Plaintiff] in the same room as the perpetrators of the sexual assault and asked [Plaintiff] to speak up about what occurred, despite the sexual assault having been recorded by Defendant's surveillance cameras." [*Id.* at ¶ 50]. Plaintiff was terrified because one of the assailants "threatened to cut his head off and throw it overboard if he said anything about what occurred." [*Id.*]. Plaintiff claims Defendant acted in this manner to avoid reporting the incident to authorities, demonstrating a reckless indifference to his well-being. [*Id.* at ¶ 51].

II. **LEGAL STANDARD**

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not

entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016).

### III. DISCUSSION

#### A. Negligence (Count I)

To plead negligence under maritime law, Plaintiff must allege that (1) Defendant had a duty to protect Plaintiff from a particular injury; (2) Defendant breached that duty; (3) the breach actually and proximately caused Plaintiff's injury; and (4) Plaintiff suffered actual harm. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (citation omitted).

Defendant raises several bases for dismissal of Plaintiff's negligence claim. The Court addresses each in turn.

##### i. Duty

As a cruise-ship operator, Defendant owes its passengers a duty of "reasonable care under the circumstances." *Pucci v. Carnival Corp.*, 146 F. Supp. 3d 1281, 1286 (S.D. Fla. 2015). Defendant contends that Plaintiff's Complaint alleges a heightened duty because Plaintiff's Complaint is "premised, in part, on Royal's failure to maintain and monitor security cameras aboard the subject vessel." [ECF No. 10, at 5]. Accordingly, to Defendant, "[t]his entire theory of negligence should be dismissed and/or stricken from the Complaint as no such duty exists under maritime law." [*Id.*]. In advancing this argument, Defendant relies principally on *Mizener v. Carnival Corp.*, No. 05-22965-CIV, 2006 WL 8430159 (S.D. Fla. June 16, 2006), arguing that "*Mizener* specifically held that placement of a camera aboard a vessel does not create a duty to monitor the camera for the safety and security of the vessel's passengers." [ECF No. 10, at 5].

However, the plaintiff in *Mizener* did not claim that he relied upon the camera, or that the cruise ship advertised the camera as a security measure. *Mizener*, 2006 WL 8430159, at *3 (noting that a cruise-ship operator may have a duty to monitor security cameras where it advertised the camera and its security benefits and Plaintiff alleged reliance on same). Indeed, courts have distinguished *Mizener* and declined to dismiss negligence claims where the passenger plaintiff alleges the cruise ship advertised security cameras and the plaintiff relied on same. For example, in *Doe v. Royal Caribbean Cruises, Ltd.*, No. 11-23323-CIV, 2011 WL 6727959 (S.D. Fla. Mar. 19, 2012), a cruise ship passenger alleged that she relied upon the fact that she would be continuously monitored by security cameras during the cruise. *Doe*, 2011 WL 6727959, at *3. In denying the motion to dismiss, the *Doe* court explained that "[t]he plaintiff's alleged reliance … is a factual circumstance, not a legal conclusion, which the Court must accept as true." *Id.* The court further noted that "[w]hether the plaintiff did in fact rely on the presence of surveillance cameras, and whether that reliance was reasonable in view of the defendant's actions, are not questions that can be resolved on a motion to dismiss under Rule 12(b)(6)." *Id.* Moreover, this Court previously rejected this very same argument—raised by this very same Defendant—in a factually analogous situation. *See Cubero v. Royal Caribbean Cruises Ltd.*, No. 16-cv-20929, 2016 WL 4270216, *3 (S.D. Fla. Aug. 15, 2016) (denying motion to dismiss and distinguishing *Mizener* on the grounds that the *Mizener* plaintiff did not allege that she or her husband relied upon the camera or that the cruise ship advertised the camera as a security measure).

Accordingly, Plaintiff has adequately alleged the existence of a duty owed by Defendant. Like the plaintiffs in *Doe* and *Cubero*, and unlike the plaintiff in *Mizener*, Plaintiff alleges Defendant advertised the safety measures aboard its vessel and that Plaintiff relied on the cruise ship's surveillance cameras. [ECF No. 1 ¶ 17].

While Defendant takes issue with the other duties enumerated by Plaintiff, such

4

arguments are more appropriate on summary judgment than on a motion to dismiss. *See Cubero*, 2016 WL 4270216, at *3 (stating that "whether [Defendant] owed [Plaintiff] specific legal duties is an issue more properly addressed at later stages of the litigation"); *Nielsen v. MSC Crociere*, No. 10-62548-CIV, 2011 WL 12882693, *6 (S.D. Fla. June 24, 2011). Therefore, the Court declines, at this time, to dismiss the enumerated duties beyond the duty to warn in "line-item fashion." *Pucci*, 146 F. Supp. 3d at 1287.

### ii. Notice of the Hazardous Condition

Defendant also argues that Plaintiff has failed to adequately allege notice. Irrespective of what ultimate duties Defendant owed to Plaintiff, the standard of reasonable care "requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1340 (S.D. Fla. 2016) (quoting *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)).

Defendant argues that Plaintiff has merely presented "threadbare allegations that recite no facts to suggest that Royal knew or should have known of any specific dangerous condition aboard the subject vessel." [ECF No. 10, at 8]. In support of this argument, Defendant cites to *Koens v. Royal Caribbean Cruises, Ltd.*, 774 F. Supp. 2d 1215 (S.D. Fla. 2011), where the plaintiff attempted to establish notice by alleging that the cruise line defendant had knowledge of the "rising crime rate in Nassau," and of a prior assault on a Nassau excursion. *Koens*, 774 F. Supp. 2d at 1220. The *Koens* court found the allegations insufficient to establish notice, explaining that the allegations did not establish knowledge of a danger related to the *specific* tour or *specific* area in Nassau in which the plaintiff was injured. *Id.*

*Koens* is distinguishable from the present case because Plaintiff does allege notice of a dangerous condition within a very restricted area, Defendant's cruise ship. In addition, Plaintiff does not simply make threadbare allegations of Defendant's knowledge of prior incidents, but

rather alleges that "Defendant was well aware of the necessity of having surveillance cameras aboard their vessel and appropriate security" as a result of "*prior lawsuits*, and *prior reported incidents*, as well as *prior congressional hearings*" involving claims of sexual assault and over-serving of alcohol. [ECF No. 1 ¶ 22 (emphasis added)]. The Court finds these allegations sufficient to allege notice at this stage of the litigation. *See Hornes v. Lines*, No. 15-21031-CIV, 2016 WL 4808791, *5 (S.D. Fla. Jan. 25, 2016) (finding that plaintiff established notice by showing defendant knew of numerous passenger allegations of sexual assault or rape on its cruise ships during the three years leading up to plaintiff's assault).

### iii. Causation

A cruise ship may be liable in negligence for the criminal acts of a third-party only if the intervening criminal act was foreseeable. *Bullock v. Tamiami Trail Tours, Inc.*, 266 F.2d 326, 331 (5th Cir. 1959).[2] Defendant argues that Plaintiff has not adequately alleged that the criminal acts of the passenger assailants were foreseeable. In support of its argument, Defendant cites *H.S. v. Carnival Corp.*, No. 16-20331-CIV, 2016 WL 6583693 (S.D. Fla. Nov. 4, 2016), a case in which the court granted a motion to dismiss due to the lack of foreseeability concerning a sexual assault. *H.S.,* 2016 WL 6583693, at *4. However, in *H.S.*, the alleged assault occurred in a private stateroom and was "not the result of the physical contact and sexual activity which occurred inside [a club] or in any other public area of the ship." *Id.* at *3.

Here, Plaintiff alleges facts that plausibly establish that the harm he suffered was foreseeable. Specifically, Plaintiff alleges that the assailants were overserved alcohol by Defendant and were visibly and obviously intoxicated. [ECF No. 1 ¶ 31]. Further, Plaintiff alleges that the assault occurred in the ship's library and "video cameras installed by the Defendant supposedly for safety and security reasons, captured the majority of the assault and battery." [*Id.* at

---

[2] The Eleventh Circuit has adopted as binding precedent all decisions of the Fifth Circuit rendered before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

¶ 32]. This Court has specifically held that "whether the risk of sexual assault was foreseeable, whether Plaintiff was at heightened risk of a sexual assault aboard Defendant's cruise ship, and whether, but for the service of alcohol, Plaintiff could have avoided the sexual assault, are issues for the jury to determine." *Doe v. NCL (Bahamas) Ltd.*, No. 11-22230-CIV, 2012 WL 5512347, *7 (S.D. Fla. Nov. 14, 2012). Additionally, as the Eleventh Circuit noted in *Chaparro*, foreseeability is more appropriate after discovery at the summary judgment stage or at trial. *Chaparro*, 693 F.3d at 1337. Accordingly, Defendant's motion to dismiss Plaintiff's negligence claim is denied.

### B. Intentional Infliction of Emotional Distress (Count II)

Under Florida law, a plaintiff must plead the following elements in order to state a claim for IIED: "(1) extreme and outrageous conduct; (2) an intent to cause, or reckless disregard to the probability of causing, emotional distress; (3) severe emotional distress suffered by the plaintiff; and (4) that the conduct complained of caused the plaintiff's severe emotional distress." *Blair v. NCL (Bahamas) Ltd.*, 212 F. Supp. 3d 1264, 1269 (S.D. Fla. 2016) (citing *Metro. Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278 (Fla. 1985)).

Regarding the first prong, whether conduct is sufficiently "outrageous" is a question of law for the Court to decide. *See Medina v. United Christian Evangelistic Ass'n*, No. 08-22111-CIV, 2009 WL 653857, *4 (S.D. Fla. Mar. 10, 2009). "While there is no exhaustive or concrete list of what constitutes 'outrageous conduct,' Florida common law has evolved an extremely high standard." *Merrick v. Radisson Hotels Int'l, Inc.*, No. 06-cv-01591, 2007 WL 1576361, *4 (M.D. Fla. May 30, 2007); *Tello v. Royal Carribean Cruises, Ltd.*, 939 F. Supp. 2d 1269, 1277-78 (S.D. Fla. 2013) (dismissing IIED claim where the complaint alleged that a cruise ship captain told the plaintiff her son had committed suicide, when he had really climbed a railing and fallen overboard); *see also Foreman v. City of Port St. Lucie*, 294 F. App'x 554 (11th Cir. 2008)

(affirming dismissal of an IIED claim where the complaint alleged that plaintiff watched a police officer point a BB gun at her husband's chest and pull the trigger, and that plaintiff did not know the BB gun was unloaded). However, Florida courts have also declined to dismiss IIED claims at the pleading stage when additional facts are needed to determine whether the defendant's actions amount to extreme and outrageous conduct. *See Markham v. Carnival Corp.*, 12-23270-cv, 2012 WL 12866787, *4 (S.D. Fla. Dec. 3, 2012) (allowing IIED claim to proceed past pleading when plaintiff alleged that a Carnival representative contacted plaintiff to tell her that her son had committed suicide, and then disseminated this information to local media); *see also Drury v. Volusia County*, No. 6:10-cv-1176, 2011 WL 1625042 (M.D. Fla. Apr. 28, 2011) (declining to dismiss an IIED claim where plaintiff alleged that the defendant "was aware of the illegal sexual abuse of [minor] [p]laintiff and, rather than reporting those crimes to the authori[ties], gave advice to [co-defendant] to assist the [d]efendants in hiding their crimes and to obstruct the on-going police investigation").

Here, Plaintiff, a minor "who was terrified because one of the perpetrators of the crime threatened to cut his head off and throw it overboard if he said anything about what occurred," alleges that Defendant put him in "the same room as the perpetrators of [his] sexual assault and asked [Plaintiff] to speak up about what occurred, despite the sexual assault having been recorded by Defendant's surveillance cameras." [ECF No. 1 ¶ 50]. Plaintiff alleges Defendant acted primarily to avoid criminal charges being filed and exhibited a reckless indifference for his welfare. [*Id.* at ¶ 51]. Given Florida's high standard, Defendant's conduct may ultimately prove insufficiently outrageous. *See Estate of Duckett ex rel. Calvert v. Cable News Network LLLP*, No. 5:06-cv-444, 2008 WL 2959753, *4 (M.D. Fla. July 31, 2008) ("Pleading a cause of action for intentional infliction of emotional distress is one thing, avoiding summary judgment or prevailing at trial is quite another."). But the Court declines to dismiss Plaintiff's IIED claim

because it finds that at this stage of the litigation, the record is insufficiently developed to be able to determine whether Defendant's alleged conduct is extreme and outrageous.

### C. Punitive Damages

Under maritime law, a plaintiff may recover punitive damages "where the plaintiff's injury was due to the defendant's 'wanton, willful, or outrageous conduct.'" *Lobegeiger v. Celebrity Cruises, Inc.*, No. 11-21620-CIV, 2011 WL 3703329, *7 (S.D. Fla. Aug 23, 2011) (quoting *Atl. Sounding Comp, Inc. v. Townsend*, 557 U.S. 404, 409 (2009)). When a plaintiff has stated a valid cause of action, general allegations of wanton, willful, or outrageous conduct are sufficient to sustain a demand for punitive damages. *See Doe v. Royal Caribbean Cruises, Ltd.*, No. 11-23323-CIV, 2012 WL 920675, *5 (S.D. Fla. Mar. 19, 2012) (citing *Scutieri v. Paige*, 808 F.2d 785, 790-93 (11th Cir. 1987)). As detailed above, the Court finds that Plaintiff has stated a valid cause of action for negligence and IIED. Additionally, in both claims, Plaintiff has alleged grossly negligent, intentional and/or reckless conduct. [ECF No. 1 ¶¶ 44, 51]. Accordingly, Defendant's motion to dismiss Plaintiff's request for punitive damages is denied.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [ECF No. 10] is **DENIED**. Defendant shall file an answer to the Complaint within fourteen (14) days of the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of June, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE